UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE CLARK DEMUSTCHINE,            )
                                    )
    Plaintiff,                      )    CIVIL ACTION NO.
                                    )    10-11245-DPW
 v.                                 )
                                    )
RAHI REAL ESTATE HOLDINGS, LLC      )
and JP MORGAN CHASE BANK            )
NATIONAL ASSOCIATION, as            )
successor-in-interest to            )
WASHINGTON MUTUAL BANK              )
successor-in-interest to            )
LONG BANK MORTGAGE COMPANY          )
                                    )
    Defendants.                     )

MEMORANDUM AND ORDER
September 24, 2012

The defendant RAHI Real Estate Holding LLC, over a year after entry of a default judgment against it in this case, seeks to vacate the judgment on grounds that under Fed. R. Civ. P. 60(b)(5) applying the judgment prospectively is no longer equitable and under Rule 60(b)(6), the Rule's catch-all provision for "any other reason that justifies relief."  The reason for this belated response to the requests for default and default judgment is said to be "inadvertent oversight and miscommunication between it and its former counsel."  This oversight concededly consisted of a failure to defend legal action of which the defendant was at least constructively aware,

-1-

while attempting to negotiate a settlement of the underlying dispute between the parties.

I find no reason that justifies relieving a sophisticated defendant, well aware of the potential for litigation in the mortgage context, from the consequences of the failure of the attorney it chooses to take necessary steps to defend ongoing litigation.  Cf. *KPS & Assoc.* v. *Designs by FMC, Inc.*, 318 F.3d 1, 16 (1st Cir. 2003).  To the degree that the defendant suffered harm, any claim it may have must be found in the realm of legal malpractice and not in the reopening of litigation it knowingly neglected.

The text of Rule 60(b), of course, is plain that there is no categorical limit of one year to the assertion of a motion to vacate under either Rule 60(b)(5) or 60(b)(6).  Nevertheless, the Rule does require that such a motion for relief "be made within a reasonable time."  Especially here, where the grounds are a vain effort to recast what is essentially a claim of inadvertence - a matter governed by Rule 60(b)(1), which does have a one year limitation - there is nothing reasonable about the time the defendant took to get around to addressing its default and the judgment which flowed from it.

As to the merits, the defendant continues to decline to demonstrate that it holds both the mortgage and the note.  As the Supreme Judicial Court has made clear, *Easton* v. *Federal National Mortgage Ass'n.*, 462 Mass. 569 (2012), in order for a party to be

able to foreclose at this point, the party must hold both the mortgage and the note.

There is nothing inequitable in holding a sophisticated but neglectful defendant to the consequences of its failure to defend.  I note only that while this defendant may not be in a position to foreclose under the judgment in this case, an independent third party holding both the mortgage and the note may still be able to do so under my reading of the permanent injunction that is part of the default judgment entered here.  To be sure, the defendant may not be able to negotiate with such a party a particularly advantageous arrangement for the sale of whatever interest it still has.  But that difficulty is one of the defendant's own making and not a grounds for disturbing a judgment that the defendant took well over a year to challenge.

Accordingly, the defendant's motion to vacate (#30) is hereby DENIED.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE